(119 App. Div. 527)

WATKINS et al., Loan Com'rs, v. CLOUGH.

(Supreme Court, Appellate Division, Fourth Department. March 13, 1907.)

1. EVIDENCE—PREVIOUS TESTIMONY—MINUTES OF JUSTICE.

In summary dispossession proceedings to recover land alleged to have been leased to defendant by loan commissioners of O. county, minutes of a justice of the peace of defendant's testimony taken on the trial of an action in which defendant was both a party and a witness was incompetent in the absence of any foundation laid for its introduction.

2. PUBLIC LANDS—LANDS OF STATE—POWER TO LEASE—STATUTES.

Laws 1897, p. 358, c. 413, §§ 90, 91, provided for the foreclosure of mortgages securing money loaned from the United States deposit fund by loan commissioners, and the taking of title in the state to the lands un-

der such circumstances, requiring the loan commissioners under the direction of the commissioners of the land office to continue to exercise supervision and care over the property until it is disposed of according to law. Laws 1898, p. 1035, c. 360, further declared that all such lands should be sold within three years; and Laws 1894, p. 573, c. 317, § 3, authorized the commissioners of the land office to lease state lands for terms not exceeding one year, until they are disposed of, requiring that each lease should contain proper covenants against trespass and waste. *Held*, that the loan commissioners had no power to lease lands obtained by the state on a foreclosure of mortgage given to secure a loan from the United States deposit fund.

Appeal from Special Term, Oneida County.

Summary dispossession proceedings by John R. Watkins and another, as loan commissioners of Oneida county, against Aaron Clough to recover possession of certain real property. From a final order in favor of plaintiffs, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

M. H. & W. J. Powers, for appellant.

Davies, Johnson & Wilkinson, for respondents.

WILLIAMS, J. The order should be reversed, with costs of the appeal.

The petitioners were the loan commissioners of Oneida county. The real property in question was a farm that there had formerly been a mortgage upon for moneys loaned from the United States deposit fund. The mortgage had been foreclosed, and the state had taken title to the property, and had held it for many years. The loan commissioners had leased the property to the tenant Clough, and his term under the lease for the year 1905 expired April 1, 1906. It is claimed by petitioners that he held over and continued in possession of the leased premises after the expiration of such term without the permission of the loan commissioners. The tenant concedes that his term for the year 1905 expired April 1, 1906, and that he held over and remained in possession thereafter; but he seeks to justify his possession, first, under a lease alleged to have been made to him in December, 1905, by one Brown, a loan commissioner, who died in February, 1906; second, by reason of the leasing to him by the petitioners or their ratification of the Brown lease.

These were the questions of fact tried, submitted to, and passed upon by the jury. If the matter were dependent upon the determination of these questions alone, then the order should be reversed because of errors committed by the judge in the admission of evidence and in his charge to the jury. Only one error need be referred to—the admission of the minutes of a justice of the peace taken on the trial of an action before him in which the tenant Clough was a party and a witness. The minutes were not competent evidence of what Clough testified to on that trial; that is, no foundation was laid for their introduction in this proceeding. They tended to show what Clough there testified to, as to the issues of fact involved in this proceeding, and may well have influenced the jury in making up their verdict. But it seems to us that this proceeding could not be maintained at

all upon the facts as they existed. None of the loan commissioners
had the power to make any lease of the property in question, and there-
fore the relation of landlord and tenant between the commissioners
and the defendant Clough could not be created and did not exist.
Laws 1837, p. 129, c. 150, § 30, provided that the loan commissioners
should be seized of an estate in fee in mortgaged premises, if there
should be default, but redemption might be made. Section 31 et seq.
provided for sale of the premises under foreclosure, and section 33,
that under some circumstances they should be bid in for the state,
and the commissioners should take possession of them, and let them
for the benefit of the state until the September. following, when 'they
should be sold. There were various amendments to this act of 1837,
not very important in this matter, down to 1897, when all' of this act,
except section 43, which is not important here, was, by chapter 413,
p. 336, of the Laws of that year, repealed, and new provisions were
enacted in place thereof. Sections 90 and 91 of the latter act pro-
vided for the foreclosure of mortgages and the taking title in the state
to lands under certain circumstances, and that:

"The commissioners under the direction of the commissioners of the land
office should continue to exercise supervision and care over such property un-
til it shall be disposed of according to law."

No power was given the loan commissioners, however, to lease the
premises at all. By Laws 1898, p. 1035, c. 360, § 90, some amend-
ments to the act of 1897 were made, not important here, and it was
further provided that all lands bid in for and held by the state should
be sold within three years. There seems to be no provision by any
statute since 1897 authorizing, the loan commissioners to lease any
of the mortgage lands. By Laws 1894, p. 573, c. 317, § 3, it was pro-
vided that the commissioners of the land office should have the gen-
eral care ·and superintendence of all state lands, the supervision of
which was not vested in some officer or board, and that such commis-
sioners might, from time to time, lease state lands for terms not ex-
ceeding one year, and until disposed of as required by law, and that
such lease should contain proper covenants to guard against trespass
and waste. This seems to give a fair statement of the condition of
the statute as to these lands, the supervision thereof, and the right
to lease the same. · This farm in question should have been sold three
years ago. While the same remained .unsold, however, no one had
power to lease it except the commissioners of the land office. The loan
commissioners, under the direction of the commissioners of the land
office were to supervise and care for it, but they could not lease it.
A lease could only be made by the commissioners of the land office;
and apparently such lease should be in writing, because it is required
to have inserted therein certain covenants as to trespass and · waste.
If we are correct in the views here expressed, Clough had no lease
for the year 1906, or any year after 1897. We have examined the
statutes with some care. We may have overlooked some act or pro-
vision, but, if not, then the views hereinbefore expressed would seem
to be correct. The relation of landlord and tenant did not exist be-
tween the loan commissioners and Clough, and this proceeding could

not, therefore, be maintained to recover possession of the farm or to remove Clough therefrom. The title to the farm is in the state, and an action in ejectment brought in the name of the state would apparently be the only remedy to recover possession of the farm. The lease, if made by the commissioners of the land office, would undoubtedly be made in the name of the state, and any summary proceeding to remove a tenant holding over after the expiration of his term would have to be commenced in the name of the state and not the loan commissioners. A majority of the court, however, are of the opinion that we ought not to pass upon these questions, inasmuch as they were not raised on the trial, and are not suggested by counsel in this court, and that it may be doubtful if the tenant could dispute the title and right of his lessor to maintain this proceeding.

We therefore reverse the order for errors in the reception of evidence, and in the charge.

Order reversed, with costs. All concur.